1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CION PERALTA,

11             Petitioner,              No. CIV S-09-3228 GGH P

12        vs.

13   MICHAEL MARTEL, et al.,            ORDER AND

14             Respondents.            FINDINGS AND RECOMMENDATIONS

15   _____/

16             Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C.

17   § 1983.  Plaintiff filed the instant action on November 19, 2009 and was granted in forma

18   pauperis status on January 14, 2010.  Pending before the court are defendants' identical motions

19   to dismiss pursuant to 28 U.S.C. § 1915(g), filed on July 16, 2010 and August 19, 2010,

20   respectively[1], to which plaintiff has filed a single opposition.  For the following reasons, the court

21   recommends that defendants' motions be granted.

22   /////

23   /////

24

25        [1] Defendants Lackner, Machado and Martel filed a motion to dismiss on July 16, 2010.
     (Doc. #15.)  Defendant Warren filed an identical motion on August 19, 2010.  (Doc. #19; see id.
26   at 2, fn.1.)  The undersigned considers these motions together.

1  Motion to Dismiss

2          28 U.S.C. § 1915 permits any court of the United States to authorize the

3  commencement and prosecution of any suit without prepayment of fees by a person who submits

4  an affidavit indicating that the person is unable to pay such fees.  However,

5          [i]n no event shall a prisoner bring a civil action or appeal a
       judgment in a civil action or proceeding under this section if the
6          prisoner has, on 3 or more prior occasions, while incarcerated or
       detained in any facility, brought an action or appeal in a court of
7          the United States that was dismissed on the grounds that it is
       frivolous, malicious, or fails to state a claim upon which relief may
8          be granted, unless the prisoner is under imminent danger of serious
       physical injury.

9

10  28 U.S.C. § 1915(g).

11         In forma pauperis status may be acquired and lost during the course of litigation.

12  Stehouwer v. Hennessey, 841 F. Supp. 316, 321 (N.D. Cal., 1994), *vacated on other grounds by*

13  Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995).  The plain language of the statute (§ 1915(g))

14  makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma

15  pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination

16  thereof totaling three).  See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir.1999).  28 U.S.C.

17  § 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination

18  that each action reviewed (as a potential strike) is carefully evaluated to determine that it was

19  dismissed as frivolous, malicious or for failure to state a claim.  Andrews v. King, 398 F.3d

20  1113, 1121 (9th Cir. 2005).  Defendant has the burden to "produce documentary evidence that

21  allows the district court to conclude that the plaintiff has filed at least three prior actions ...

22  dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'"  Id., at 1120,

23  quoting § 1915(g).  Actions filed and/or dismissed prior to the enactment of the Prison Litigation

24  Reform Act on April 26, 1996, are to be evaluated to determine whether they qualify as strikes:

25  "the plain language of § 1915(g) requires that the court look at cases dismissed prior to the

26  enactment of the PLRA to determine when a prisoner has used his three strikes."  Rodriguez v.

1   <u>Cook</u>, 169 F.3d 1176, 1181, citing <u>Tierney v. Kupers</u>, 128 F.3d 1310, 1311 (9th Cir. 1997).[2]

2   Dismissal of an appeal as frivolous after a district court dismissal on grounds that the action was

3   frivolous counts as a separate strike.  <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387 (5th Cir. 1996).

4   However, <u>Adepegba</u> qualifies that insofar as affirmance only finds no error at district court level,

5   affirmance should not count as separate strike.[3]  <u>Id</u>.   On the other hand, when the appeal is

6   frivolous on a separate ground or when the appeal of a district court dismissal as frivolous is,

7   itself, frivolous, then the appeal dismissal is also a strike.  <u>Id</u>. at 388.  <u>See</u> also <u>Thompson v.</u>

8   <u>Gibson</u>, 289 F.3d 1218, 1222 (10th Cir. 2002); <u>Moran v. Sondalle</u>, 218 F.3d 647, 651-52 (7th

9   Cir. 2000) (both noting that frivolous appeals count as a strike).

10  <u>Discussion</u>

11          Defendants contend in their motions that plaintiff's litigation history shows that

12  he has had at least six lawsuits dismissed as frivolous or for failing to state a claim, citing the

13  following cases[4]: (A) <u>Peralta v. Woodford </u>(hereinafter "<u>Woodford I</u>") (2:05-cv-5400), filed July

14  26, 2005, dismissed in the Central District Court on April 11, 2006; (B) <u>Peralta v. Woodford</u>

15  (hereinafter "<u>Woodford II</u>") (2:05-cv-5837), filed August 5, 2005, dismissed  in the Central

16  District Court on July 27, 2006; (C) <u>Peralta v. Echendu</u> (2-05-cv-1048), filed February 10, 2005,

17  dismissed in the Central District Court on August 22, 2005; (D)  <u>Peralta v. Galloway</u> (2:08-cv-

18  1809) filed on August 5, 2008, dismissed in the Eastern District on December 24, 2008 ; (E)

19

20          [2] "Ultimately, we held that § 1915(g) does not raise any retroactivity concerns, because it
    does not affect a substantive right but merely limits a prisoner's ability to proceed IFP. In light of

21  Tierney, we reject Rodriguez's claim and hold that § 1915(g) does not violate the Constitution by
    looking at cases dismissed prior to enactment of the PLRA to determine when a prisoner has had

22  three or more cases dismissed as frivolous." <u>Rodriguez v. Cook</u>, 169 F.3d at 1181, citing <u>Tierney</u>
    <u>v. Kupers</u>, 128 F.3d at 1311.

23          [3] It also follows that an appellate court reversal would nullify a strike.  <u>Adepegba v.</u>
    <u>Hammons</u>, 103 F.3d at 387.

24

25          [4] A court may take judicial notice of court records.  <u>See</u> <u>MGIC Indem. Co. v. Weisman</u>,
    803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).
    Accordingly, the undersigned takes judicial notice of the records comprising defendants' attached

26  Exhibits A through F.

1   Peralta v. Hermans (1:06-CV-1082), filed August 17, 2006, dismissed in the Eastern District on

2   February 5, 2008; and (F) Peralta v. Woodford (hereinafter "Woodford III"), filed on December

3   27, 2004, dismissed in the Eastern District on January 10, 2005.

4          Per defendants' request, the undersigned also takes judicial notice of Peralta v.

5   Martel (hereinafter "Martel I"), (2:08-cv-530) filed on March 10, 2008 and dismissed in the

6   Eastern District Court on June 25, 2010.  Defendants concede that this case is not a "strike" for

7   purposes of the current action, as it was dismissed after the instant action was filed.  See 28

8   U.S.C. § 1915(g); Tierney v. Kupers, 128 F.3d 1310, 1311 (9th Cir. 1997).  However, in that

9   case, the district court determined that the Woodford I, Woodford II and Echendu cases all

10  qualified as strikes supporting revocation of in forma pauperis status and dismissal of the action

11  without prejudice.  (Martel I, Doc. #29 (order granting motion to dismiss for failure to exhaust

12  administrative remedies and for violating the "three strikes" rule of § 1915(g)) at 7-13.)  In its

13  order of dismissal, the district court noted as follows:

14             On December 10, 2009, the Ninth Circuit Court of Appeals filed an
               order in Peralta v. Dillard, (Case No. 09-55907), revoking
15             Plaintiff's in forma pauperis status for violating the "three strikes"
               rule:
16
17             'Appellant's in forma pauperis status is revoked for this appeal
               because appellant has had three or more prior actions or appeals
18             dismissed as frivolous or for failure to state a claim and because
               appellant has not alleged any imminent danger of serious injury in
19             this appeal. See U.S.C. § 1915(g).'

20             . . . The order supports, but is not dispositive of, Defendants'
               argument that Plaintiff Peralta has incurred 'three strikes.'
21
22  (Id. at 12, fn.1.)  In sum, both the Ninth Circuit and a district court in the Eastern District have

23  independently concluded that plaintiff is a "three strikes" plaintiff.

24          Insofar as these findings are not dispositive in the instant case, the undersigned,

25  having reviewed the record, agrees with the district court in Martel I that the Woodford I,

26  Woodford II, and Echendu cases constitute three strikes under § 1915(g).  In Woodford I, as the

district court explained in Martel I, the magistrate judge filed a report and recommendation that

plaintiff's case be dismissed for failure to state a claim. "(MTD, Ex. A at 9.[5])  The district court

subsequently adopted the recommendation and entered judgment dismissing the case without

prejudice.  (Id. at 17-18.)  Thus, this dismissal counts as a "strike" under § 1915(g).  (See Martel

I, Doc. #29 at 9-10.)

               In Woodford II, plaintiff's First Amended Complaint was dismissed with leave to

amend because, as the magistrate judge explained,

> [a]fter careful review and consideration of the FAC under the
> foregoing standards, the Court found that it failed to state a claim
> upon which relief may be granted.  Accordingly, . . . the FAC was
> dismissed with leave to amend. . . . Plaintiff was advised that if he
> desired to pursue this action, he was to file a Second Amended
> Complaint . . . remedying the deficiencies in the [FAC] as
> discussed in the [order dismissing the FAC].  The Court expressly
> admonished plaintiff that, if he failed to timely file a Second
> Amended Complaint, the Court would recommend that the action
> be dismissed.

> . . . Plaintiff has not filed a Second Amended Complaint, or filed a
> response to the Order to Show Cause, and his time for doing so has
> expired.

(MTD, Ex. B at 11.)  Accordingly, the magistrate judge recommended dismissal, and the district

court subsequently adopted this recommendation and entered judgment dismissing the action.

(Id. at 3.)  As the Martel I court concluded, "it is clear from the district court's reasoning that

failure to state a claim was a fully sufficient condition for dismissing Plaintiff's complaint.  The

dismissal counts as a 'strike' under § 1915(g)."  (Martel I, Doc. #29 at 10-11.)

               Finally, in Echendu, the magistrate judge recommended that plaintiff's case be

dismissed for failure to state a claim and for failure to exhaust administrative remedies.  The

magistrate judge's report stated that "accepting plaintiff's allegations of material fact as true and

---

[5] Defendants' exhibits are referenced herein by the page numbers assigned by the court's
CM/ECF system.

5

1   construing them in the light most favorable to plaintiff, the Court finds that plaintiff's claims are

2   insufficient to state a claim under the Eighth Amendment." (MTD, Ex. C at 12.) Moreover, "it

3   is absolutely clear that no amendment could cure the deficiencies of plaintiff's Complaint." (Id.)

4   The district court subsequently adopted the magistrate's recommendation and dismissed

5   plaintiff's claim without prejudice to plaintiff filing a new action after exhausting administrative

6   remedies. (Id. at 15-16.) As the Martel I court concluded, "[i]t is clear from the Magistrate

7   Judge's reasoning, which the district court adopted, that failure to state a claim was a fully

8   sufficient condition for dismissing plaintiff's complaint. The dismissal counts as a 'strike' under

9   § 1915(g)." (Martel I, Doc. #29 at 11-12.)

10          Because plaintiff has three "strikes" under § 1915(g) as determined by the Ninth

11  Circuit, the district court in Martel I, and this court, it is not necessary to determine whether other

12  prior cases filed by plaintiff also count as strikes.[6]  Plaintiff's assertion that his "mistakes" in

13  filing multiple lawsuits subject to dismissal for failure to state a claim "should not be held

14  against him," and his similar claim of "ignorance of the law," are unavailing under section

15  § 1915(g). (Opp. to MTD at 1, 3.)

16          Nor is the instant case subject to the exception for plaintiffs subject to "imminent

17  danger or serious physical injury" (§ 1915(g)), as plaintiff's claim that he should be permitted to

18  work within the prison's security perimeter, and has not been so permitted in violation of the

19  California Code of Regulations, does not allege that he is in any physical danger. (Petition at 3-

20  6.)

21  /////

22  /////

23  /////

24

25          [6] None of the three "strikes" discussed above were voluntarily dismissed by plaintiff, so
    the fact that plaintiff may have voluntarily dismissed one or more other actions does not aid him
26  here. (See Opp. to MTD at 2.)

1            Accordingly, for the foregoing reasons, it is hereby ORDERED that the Clerk of

2  court assign a district judge to this case.

3            Accordingly, IT IS HEREBY RECOMMENDED that defendants' motions to

4  dismiss (Docs. #15 and #19) be granted and plaintiff's' in forma pauperis status be revoked.

5            These findings and recommendations are submitted to the United States District

6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

7  days after being served with these findings and recommendations, any party may file written

8  objections with the court and serve a copy on all parties.  Such a document should be captioned

9  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

10  shall be served and filed within fourteen days after service of the objections.  The parties are

11  advised that failure to file objections within the specified time may waive the right to appeal the

12  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

13  DATED: 01/31/2011

                          /s/ Gregory G. Hollows

14

                          UNITED STATES MAGISTRATE JUDGE

15  pera3228.mtd
    GGH:014

16

17

18

19

20

21

22

23

24

25

26