IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CION PERALTA,

        Plaintiff,                      No. CIV S-09-3228 GEB GGH P

    vs.

MICHAEL MARTEL, et al.,

        Defendants.              ORDER

/

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that, at Mule Creek State Prison (MCSP), inmates classified as close-B and serving life sentences are not allowed to work. Plaintiff alleges that the named defendants have refused to obey the law requiring them to offer jobs to inmates classified as close-B and with life terms. Pending before the court is plaintiff's motion to compel discovery (Doc. 34), filed September 16, 2011.

Motion to Compel Discovery

A party may bring a motion to compel discovery when another party has failed to respond or respond adequately to a discovery request. Fed. R. Civ. P. 37(a)(3). A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" but "for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b). As the moving party, plaintiff bears the

1

1 burden of informing the court which discovery requests are the subject of his motion to compel
2 and for each disputed response, why defendants' objections are not justified or why the response
3 provided is deficient.

4 By this motion, plaintiff seeks an order compelling documents and answers to
5 twenty interrogatories. However, plaintiff has not set forth the documents requested, the
6 interrogatories, defendants' objections, or why the court should compel discovery. Plaintiff
7 merely states that defendants have violated the rules of the court.

8 Fortunately, defendants have provided the necessary information regarding the
9 discovery requests and the interrogatories. With regard to plaintiff's document request, he made
10 only one, seeking defendants to turn over any documents being relevant to these proceedings.
11 Opposition, Carroll Decl. Exh. B. Defendants correctly objected to this request as being overly
12 broad, and this request is therefore denied.

13 With respect to the interrogatories, plaintiff sent a letter to defendants seeking
14 answers to interrogatories 13, 14, 16, 17 and 25. Motion to Compel, Exh. A. As plaintiff's
15 motion did not specifically address what discovery he sought the court to compel, defendants
16 addressed the interrogatories from the letter. Plaintiff then filed a reply (Doc. 37), that provided
17 a few specific discovery requests, but did not address the interrogatories from his letter. As the
18 court cannot guess as to what interrogatories are at issue, the court will address those discussed in
19 plaintiff's reply. The court will not review every interrogatory as plaintiff has failed to describe
20 why the court should compel their answers, and plaintiff bears the burden.

21 It is not clear if this request was ever formally made to defendants as it does not
22 appear in plaintiff's interrogatory requests, but plaintiff states defendants did not truthfully
23 answer the question: "Do you admit that the plaintiff has already received an order to show cause
24 in this matter in case no. C05645 in the California Court of Appeals-Third Appellate District in
25 Sacramento?" Plaintiff provides a copy of the order to show cause issued by the state court, so to
26 the extent defendants may not have been aware of this case, they have been notified.

1         Plaintiff seeks the court to compel an answer from interrogatory set 1, no. 2:

2         What is the Policy of Mule Creek State prison regarding Close-B custody inmates working inside of the Plant Operations Department?  Opposition, Carroll Declaration, Exh. D.

         Defendants answered:

         Objection.  Vague, ambiguous, and overly broad as to time, "Policy," and "Close-B custody inmates."  Not reasonably calculated to lead to the discovery of admissible evidence as there is no indication that plaintiff has pursued a job assignment in the Plant Operations Department.  Fed. R. Civ. P. 26(b)(1).  Without waiving these objections, responding parties answer as follows: MCSP DOM Supplement Section 53130.9 provides that special skills and/or sensitive positions (i.e., clerks and teacher's aides) shall be interviewed by the prospective supervisor before being assigned from the appropriate wait list.  Additionally, MCSP DOM Supplement Section 53130 provides that inmates serving a life term who are being considered for assignment as plumbers, stationary engineers, painters, and carpenters will require a case-by-case- review by the Facility UCC.  If UCC recommends the assignment, the case will be referred to ICC for review and/or denial/approval.  Opposition, Carroll Declaration, Exh. D.

         Plaintiff argues that these committees always deny close-B inmates from obtaining jobs.  While this may or may not be true, with respect to discovery, defendants have sufficiently provided an answer regarding the policy of close-B inmates working at this department, thus there is nothing for the court to compel.

         Plaintiff seeks the court to compel an answer from interrogatory set 1, no. 9:

         Is the staff at MCSP following the CCR Title 15 § 3377.1 (a)(4)(B) regarding whom this prison will and will not allow to work in Plant Operations, Maintenance, and Prison Industry Authority?  Opposition, Carroll Declaration, Exh. C.

         Defendants answered "Yes."  Opposition, Carroll Declaration, Exh. D.  However, plaintiff disagrees with this answer.  The court is unable to compel defendants to change their answer, thus this request is denied.

Plaintiff raises the same objection to another request from interrogatory set 1, no. 11, regarding if there are currently any close-B inmates working in the Plant Operations Department. Defendants answered "Yes," but plaintiff disagrees. Opposition, Carroll Declaration, Exh. D. Similarly, the court cannot compel a different answer and this request is denied.

The remainder of plaintiff's reply does not provide any more specific discovery requests, except for saying that defendants are being evasive on at least ten interrogatories and refused to give answers on five interrogatories, without citing the specific interrogatory at issue. For the reasons stated above, the motion to compel is denied and to the extent plaintiff seeks sanctions, any such request is denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (Doc. 34) is denied.

DATED: November 10, 2011

                                         /s/ Gregory G. Hollows
                                       UNITED STATES MAGISTRATE JUDGE

GGH:AB
pera3228.cpl