IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CION PERALTA,

        Plaintiff,                        No. 2:09-cv-3228 GEB GGH P

   vs.

MICHAEL MARTEL, et al.,

        Defendants.          ORDER

_____/

        Plaintiff is a prisoner proceeding pro se who seeks relief pursuant to 42 U.S.C. § 1983.  Findings and recommendations are currently pending that defendant's motion for summary judgment should be granted.  Plaintiff was previously informed of the requirements to oppose summary judgment pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998).  Plaintiff's opposition was sufficient and well reasoned, however, in light of Woods v. Carey, --- F.3d ----, 2012 WL 2626912 (9th Cir. July 6, 2012), plaintiff will be informed again.

        Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following requirements for opposing a motion for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Such a motion is a request for an order for judgment in favor of defendants without trial.  A defendant's motion for

1

summary judgment will set forth the facts that the defendants contend are not reasonably subject to dispute and that entitle the defendants to judgment. To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are. Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the truth and the defendants' motion for summary judgment granted. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendants' motion. If plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendants' motion. If the defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and the case will be closed. A motion or opposition supported by unsigned affidavits or declarations will be stricken.

      Plaintiff will be provided 21 days to file additional evidentiary materials if he wishes regarding the motion for summary judgment, but it is not required. No extensions will be given.

\\\\\\

1. Accordingly, IT IS HEREBY ORDERED that plaintiff will be provided 21 days
2. to file additional evidentiary submissions if he wishes, but it is not required.  No extensions will
3. be given.
4. DATED: July 10, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
pera3228.brf